**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

Attorneys for Plaintiffs

| | |
|---|---|
| Jose Ponce, Daniel Zumba and Fernanda Romero, on behalf of themselves and all other persons similarly situated, <br><br><br> *Plaintiffs,* <br><br> - vs. - <br><br><br> New Generation Auto Parts 2 LLC, Chris "Doe" and Antonio "Roe", <br><br><br> *Defendants.* | DOCKET NO. <u>1:25-cv-00888</u> <br><br> **COMPLAINT** <br><br> **COLLECTIVE ACTION** |

Plaintiffs Jose Ponce ("Ponce"), Daniel Zumba ("Zumba") and Fernanda Romero ("Romero"), on behalf of themselves and all other persons similarly situated, by and through their undersigned attorneys, for their complaint against Defendants New Generation Auto Parts 2 LLC, Chris "Doe" and Antonio "Roe," (collectively, "Defendants"), allege as follows:

1

**NATURE OF THE ACTION**

1.     Plaintiffs Jose Ponce, Daniel Zumba and Fernanda Romero, on behalf of themselves and all other persons similarly situated, current and former employees of defendants New Generation Auto Parts 2 LLC, Chris "Doe" and Antonio "Roe" (hereinafter collectively referred to as "Defendants"), who elect to opt into this action pursuant to the Fair Labor Standard Act ("FLSA"), 29 U.S.C. §216(b), allege that that they are entitled to recover from Defendants, jointly and severally: (i) compensation for wages paid at less than the statutory minimum wage, (ii) compensation for unpaid wages for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the Defendants' violations lacked a good faith basis.

2.     Plaintiffs further complain that they are entitled to recover from Defendants, jointly and severally: (i) compensation for wages paid at less than the statutory minimum wage, (ii) back wages for overtime work for which the Defendants willfully failed to pay overtime premium pay, as required by the New York Labor Law §§ 650 et seq. ("NYLL") and the supporting New York State Department of Labor regulations; (iii) liquidated damages pursuant to the NYLL for these violations; and (iv) statutory damages for the Defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.    Plaintiff Jose Ponce ("Ponce") is an adult individual residing in Corona, NY.

4.    Plaintiff Daniel Zumba ("Zumba") is an adult individual residing in Flushing, New York.

5.    Plaintiff Fernanda Romero ("Romero") is an adult individual residing in Ozone Park, New York.

6.    Plaintiffs consent in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

7.    At all times relevant herein, New Generation Auto Parts 2 LLC, has been a domestic business corporation organized under the law of the State of New York (hereinafter referred to as "New Generation") with a registered principal place of business at 127-12 Atlantic Avenue, Richmond Hill, NY 11419.

8.    At all times relevant herein, Defendant New Generation has been and continued to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9.    Upon information and belief, at all relevant times, Defendant New Generation has had gross revenues in excess of $500,000.00.

10.    Upon information and belief, at all relevant times herein, Defendant New Generation has used goods and materials produced in interstate commerce and has employed at least two

3

individuals who handled such goods and materials.

11. At all times relevant herein, Defendants Chris "Doe" and Antonio "Roe" are/were each an owner or part owner and principal of New Generation, who have the power to hire and fire employees, set wages and schedules, and maintain their records, including Plaintiff.

12. At all times relevant herein, Defendants Chris "Doe" and Antonio "Roe" were involved in the day-to-day operations of New Generation, and played an active role in managing their business, including managing and supervising Plaintiffs.

13. At all relevant times herein, Defendants each constituted an "employer" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the Defendants' business has been located in this district.

4

## COLLECTIVE ACTION ALLEGATIONS

16.    Pursuant to 29 U.S.C. § 206 and § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by Defendants in the United States at any time since February 17, 2022, to the entry of judgment in this case the "Collective Action Period"), selling and/or delivering machinery/parts to mechanics and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek, and/or spread-of-hours premium pay for hours worked a shift lasting in excess of ten hours from start to finish (the "Collective Action Members").

17.    The Collective Action Members are similarly situated to Plaintiffs in that they were employed by Defendants as non-exempt employees and were denied payment at the statutory minimum wage, and overtime premium pay for hours worked beyond forty hours in a week, and/or spread-of-hours premium pay for hours worked in a shift lasting in excess of ten hours from start to finish.

18.    The Collective Action Members are further similarly situated to Plaintiffs in that Defendants had a policy and practice of knowingly and willfully refusing to

pay their employees the statutory minimum wage, the overtime and spread-of-hours premium.

19. Plaintiffs and the Collective Action Members perform or performed the same or similar primary duties and were subjected to the same policies and practices by Defendants.

20. Upon information and belief, Defendants employed approximately 25 employees or more during the relevant statutory period, who Defendants subject to similar unlawful payment structures that violated applicable law.

21. Defendants suffered and permitted Plaintiffs and the Collective Class, to regularly work more than forty hours per week without appropriate overtime compensation.

22. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

23. Defendants had knowledge that Plaintiffs and the Collective Class regularly performed work requiring overtime pay.

24. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith – and has caused significant damages to Plaintiffs, as well as the Collective Class.

25. Defendants are liable under the FLSA for failing

to properly compensate Plaintiffs, and the Collective Class, and as such, notice should be sent to the Collective Class.

## FACTS

26. At all relevant times herein, Defendants, New Generation, Chris "Doe" and Antonio "Roe, owned and operated a store located at 127-12 Atlantic Avenue, Richmond Hill, NY 11419, under the name New Generation.

### Plaintiff Jose Ponce

27. Plaintiff Ponce has been employed at New Generation from approximately September 2023 until present, delivering auto parts to mechanics at other locations.

28. Ponce's work for New Generation was performed in the normal course of Defendant New Generation's business, was integrated into its business, and did/does not involve executive or administrative responsibilities.

29. At all relevant times herein while employed at New Generation, Ponce was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

30. Ponce's schedule at New Generation, from September 2023 to present, was that Ponce worked a regular schedule of six days per week, from 8:00 a.m. to 6:00 p.m. on Monday, Tuesday, Wednesday, Thursday, Friday and Saturday, with Sunday off.

31. Consequently, from September 2023 to present, Ponce was typically working at New Generation 60 hours per week.

32. Ponce was paid $720 per week at New Generation but had to expend between $90-$120 using his own car for Defendants' work.

33. Throughout his employment with Defendants, Plaintiff Ponce received no pay stubs or wage statements.

**Plaintiff Daniel Zumba**

34. Plaintiff Zumba was employed at New Generation from approximately September 2023 until January 2025, delivering auto parts to mechanics at other locations.

35. Zumba's work for New Generation was performed in the normal course of Defendant New Generation's business, was integrated into its business, and did/does not involve executive or administrative responsibilities.

36. At all relevant times herein while employed at New Generation, Zumba was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

37. Zumba's schedule at New Generation, from September 2023 to January 2025, was that Zumba worked a regular schedule of six days per week, from 8:00 a.m. to 6:00 p.m. on Monday, Tuesday, Wednesday, Thursday, Friday and Saturday, with Sunday day off.

38. Consequently, from September 2023 to January 2025,

8

Zumba was typically working at New Generation 60 hours per week.

39.    Zumba was paid $720 per week at new Generation but had to expend between $90-$120 using his own car for Defendants' work.

40.    Throughout his employment with Defendants, Plaintiff Zumba received no pay stubs or wage statements.

**Plaintiff Fernanda Romero**

41.    Plaintiff Romero has been employed at New Generation from approximately September 2024 until present, delivering auto parts to mechanics at other locations.

42.    Romero's work for New Generation was performed in the normal course of Defendant New Generation's business, was integrated into its business, and did/does not involve executive or administrative responsibilities.

43.    At all relevant times herein while employed at New Generation, Romero was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

44.    Romero's schedule at New Generation, from September 2024 to present, was that Romero worked a regular schedule of six days per week, from 8:00 a.m. to 6:00 p.m. on Monday, Tuesday, Wednesday, Thursday, Friday and Saturday, with Sunday day off.

45.    Consequently, from September 2024 to present,

9

Romero was typically working at New Generation 60 hours per week.

46.   Romero was paid $720 per week at new Generation but had to expend between $90-$120 using her own car for Defendants' work.

47.   Throughout her employment with Defendants, Plaintiff Zumba received no pay stubs or wage statements.

**Defendants' Violations Common to All Plaintiffs**

48.   As a result, Plaintiffs' effective hourly rates of pay throughout their employment by Defendants were below the statutory New York City minimum wage in effect at relevant times.

49.   Defendants' failure to pay Plaintiffs an amount at least equal to the New York State minimum wage in effect during relevant time periods was willful and lacked a good faith basis.

50.   In addition, Defendants failed to pay Plaintiffs an overtime premium for all hours they worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor relations.

51.   Defendants' failure to pay Plaintiffs the overtime bonus for additional hours they worked was willful and lacked a good faith basis.

52.   Defendants failed to provide Plaintiffs with a

10

written notice providing the information required by the Wage Theft Prevention Act – including, inter alia, the Defendants' contact information, the regular and overtime rates, and intended allowances claimed – and failed to obtain each Plaintiff's signature acknowledging the same, upon each Plaintiff's hiring or any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

53. Defendants failed to provide Plaintiffs with weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

54. Upon information and belief, throughout Plaintiffs' employment with Defendants, before that time (throughout the Collective Action Period) and continuing until today, Defendants have likewise employed other individuals like Plaintiff (the "Collective Action Members") in positions at Defendants' business that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

55. Upon information and belief, Defendants applied the same employment policies, practices and procedures to all Collective Action Members, including policies, practices and procedures with respect to the payment of minimum wages and overtime.

56. Upon information and belief, these other

individuals have worked in excess of forty hours per week, yet Defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

57. Upon information and belief, these other individuals have worked shifts lasting in excess of ten hours from start to finish, yet Defendants have likely failed to pay them spread-of-hours premium in amounts at least equal to the New York City minimum wage, in violation of the FLSA and the New York Labor Law.

58. Upon information and belief, these other individuals were not provided with required accurate and sufficient wage notices, and/or weekly wage statements, as specified in New York Labor Law §¶ 195.1, 195.3 and the Wage Theft Prevention Act.

59. Upon information and belief, while Defendants employed Plaintiffs and the Collective Action Members, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

60. Upon information and belief, while Defendants employed Plaintiffs and the Collective Action Members, and through all relevant time periods, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor

12

Law.

## COUNT I

### (New York Labor Law – Minimum Wage)

61. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

62. At all relevant times, Plaintiffs and each of the Collective Action Members were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

63. Defendants willfully violated Plaintiffs' and each of the Collective Action Members' rights by failing to pay their compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190- 199, 652 and their regulations.

64. Defendants' failure to pay Plaintiffs and each of the Collective Action Members compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

65. Due to the Defendants' New York Labor Law violations, Plaintiffs and each of the Collection Action Members are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action,

pursuant to New York Labor Law § 198, and § 663(1).

## COUNT II

### (Fair Labor Standards Act – Overtime)

66. Plaintiffs, on behalf of themselves and all Collective Action Members repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

67. At all relevant times, Defendants employed Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

68. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs and each of the Collective Action Members overtime compensation to their employees for each of the hours they worked in excess of forty hours per workweek.

69. As a result of Defendants' willful failure to compensate Plaintiff and each of the Collective Action Members at a rate at least one-and-one-half times the regular rate of pay for each hour of work performed in excess of forty hours per workweek, the Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

70. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and lacked a good faith basis within the meaning of 29

14

U.S.C. § 260.

71. Due to Defendants' FLSA violations, Plaintiffs and each of the Collection Action Members are each entitled to recover from the Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT III

### (New York Labor Law – Overtime)

72. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

73. At all relevant times, Plaintiffs and each of the Collective Action Members were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

74. Defendants willfully violated Plaintiffs' and each of the Collective Action Members' rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations.

75. Defendants' failure to pay their employees, including Plaintiffs, overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, §

663 and supporting regulations.

76. Due to the Defendants' New York Labor Law violations, Plaintiffs and the Collective Action Members are entitled to recover from the Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (New York Labor Law — SPREAD OF HOURS)

77. Plaintiffs on behalf of themselves and all Collective Action Members repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

78. At all relevant times herein, Plaintiffs and each of the Collective Action Members were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

79. Defendants willfully violated Plaintiffs' and each of the Collective Action Members' rights by failing to pay them an additional hour's pay at the minimum wage for each day they worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et. seq. and its supporting regulations.

80. Defendants' failure to pay their employees, the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law §198, §163 and

supporting regulations

81.     Due to Defendants' New York Labor Law violations, Plaintiffs are each entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §§198 and 663(1).

## COUNT V
## (New York Labor Law – Wage Theft Prevention Act)

82.     Plaintiffs on behalf of themselves and all Collective Action Members repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

83.     At all relevant times herein, Plaintiffs and each of the Collective Action Members were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

84.     Defendants willfully violated Plaintiffs' and each of the Collective Action Members' rights by failing to pay them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter, causing harm to Plaintiffs and each of the Collective Action Members by preventing them from receiving their lawfully owed compensation including overtime premium.

85.     Defendants willfully violated Plaintiffs' and each of the Collective Action members rights by failing to provide them with weekly wage statements required by the Wage Theft

17

Prevention Act at any time during their employment causing harm up to Plaintiffs and each of the Collective Action Members by preventing them from receiving their lawfully owed compensation including overtime premium.

86. Due to the Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiffs and each of the Collective Action Members are entitled to recover from Defendants statutory damages of $250 per day, for each day of their employment by Defendants, up to the maximum statutory damages.

87. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiffs are entitled to recover from Defendants statutory damages of $50 per day for each day of their employment by Defendants, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collection Action Members and prompt issuance of notice pursuant to 29. U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b),

18

and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.    An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.    A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.    Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

f.    Compensatory damages for failure to pay the "spread of hours" compensation pursuant to New York Labor Law;

g.    An award of liquidated damages as a result of Defendants' willful failure to pay the statutory minimum wage, overtime, and "spread of hours" compensation pursuant to 29 U.S.C. §216;

19

h.    Liquidated damages for the Defendants' New York Labor Law violations;

i.    Statutory damages for the Defendants' violation of the New York Wage Theft Prevention Act;

j.    Back pay;

k.    Punitive damages;

l.    An award of prejudgment and postjudgment interest;

m.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.    Such other, further, and different relief as this Court deems just and proper.

Dated: February 17, 2025

/s/ Michael Samuel
Michael Samuel (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway - Suite 6085
New York, New York 10018
(212) 563-9884
*Attorneys for Plaintiffs*